Yazoo and Mississippi Valley R. R. Co. *v.* D.˙C. Love.

69  109
70  644

1. Tax-collector.   *Commissions.   Taxes not actually received.*

   With a single exception, provided by Laws 1890, p. 74, in case of levee taxes paid by railroad companies direct to the levee board, a tax-collector is never entitled to commission on taxes not actually collected by him.

2. Same.   *Taxes paid to levee board.   Compensation of collector.*

   Where, under said act (Laws 1890, p. 74), levee taxes are paid by a railroad company after December 15 to the levee board direct, the tax-collector, although entitled to his usual commissions from the board, is not entitled to recover from the railroad company the ten per cent. additional compensation which, under ⸹ 524, code 1880, he would have been entitled to if the delinquent taxes had been actually received by him.

From the circuit court of Yazoo county.

Hon. J. B. Chrisman, Judge.

By an act approved February 24, 1890, entitled "An act to amend and supplement the levee laws for the Yazoo-Mississippi Delta levee district," it is provided "that all railroad companies liable to levee taxes are authorized to hereafter pay directly to the treasurer of said board all such taxes, upon procuring from the auditor his warrant authorizing the said treasurer to receive the same; that when such taxes are paid directly to the treasurer, the board shall allow the collector for the several counties such commissions as they would be entitled to receive if such taxes had been collected by them." Laws 1890, p. 74.

D. C. Love, tax-collector of Yazoo county, brought this action before a justice of the peace to recover from the Yazoo & Mississippi Valley Railroad Company $182.62, claimed by him as ten per cent. commission on delinquent levee taxes which said company had paid directly to the treasurer of the levee board in accordance with the above act.

It was shown by the evidence that in February, 1891, ap-.

pellee was notified by the treasurer of the levee board that appellant had not paid the levee tax for 1890, and was authorized to proceed to collect the same at once at the assessed rate of $10,000 per mile. Having failed to collect the taxes, after notice to appellant's attorneys of the delinquency and demand through them for the taxes, the appellee wrote to the treasurer of the levee board not to receive the taxes unless the payment included his commissions and the additional compensation of ten per cent. for himself, which he claimed because the taxes were delinquent. In March following the railroad company paid the tax directly to the levee board, but did not include the additional compensation of ten per cent. claimed by the tax-collector. Thereupon this action was brought to recover the same. Plaintiff recovered judgment in the justice court and also in the circuit court, and defendant appeals. The question most controverted seems to have been the validity of the assessment; but, in view of the opinion, the argument as to this is omitted.

*Mayes & Harris*, for appellant.

Neither § 524, code 1880, nor the act of 1890 authorize the collection of the compensation claimed. Officers are never entitled to fees unless by virtue of some statute. *Hendricks* v. *Supervisors*, 49 Miss., 612 ; *Bourdeaux* v. *Warren Co.*, 66 *Ib.*, 231 ; See code 1880, §§ 439, 2805. The ten per cent. is intended as compensation for services actually performed, commission on taxes actually collected, and is not a penalty on the delinquent tax-payer.

*T. H. Campbell*, for appellee.

By the very fact of payment, the company admitted its liability for the tax ; and, if liable for the tax, it follows, necessarily, it was liable for the damages.

WOODS, J., delivered the opinion of the court.

The compensation provided by our laws for tax-collectors was designed to cover cases where collections are actually

made by those officers. The remuneration, whether upon taxes paid without default on the part of the tax-payer or upon taxes collected from delinquent tax-payers, is in the way of recompense for services actually performed. In every statute which we have had on the subject, with a solitary exception, the commissions to be paid the tax-collector are commissions upon taxes actually collected. The law never contemplated compensation for services never rendered. Section 524, code of 1880, declares "the collector shall be allowed an additional compensation of ten per cent. on all taxes collected by him after the fifteenth day of December, to be collected from the delinquent tax-payer by distress or otherwise." .

Section 2, chapter 66, acts of 1890, authorizes all railroad companies liable to levee taxes to pay directly to the treasurer of the levee board all such taxes, upon procuring from the auditor his warrant authorizing such treasurer to receive the same; and when such taxes are paid directly to such treasurer, the levee board shall allow the collector such commissions as he would have been entitled to receive if such taxes had been collected by him; and this covers the solitary exception of compensation without collection just referred to.

The third section of this act of 1890 makes it the duty of the treasurer of the levee board to notify the tax-collector of delinquency, in case any railroad company fails to pay its levee taxes to such treasurer; and it is then made the duty of the collector to proceed to collect the taxes due as now required by law.

An examination of our statutes shows clearly that there is no provision for commissions where no collections of taxes are made, with the one solitary exception hereinbefore noticed. There is no compensation for official services where no official services are, in fact, rendered.

The case is analogous to that of *Wynne, Adm'r,* v. *The Mississippi and Tennessee Railroad Company,* 45 Miss. The question in that case was whether a sheriff was entitled to com-

missions on money paid directly to the judgment creditor by the debtor, execution having been already levied upon the debtor's property by the sheriff. The court held, in an opinion never since questioned in this state, that the officer was not entitled to the commissions. " Commissions . . . . are given as a compensation for services really performed; and when these are not performed, compensation cannot be justly claimed." We know of no such service by an officer as constructive service. There must be an actual collection of taxes, not a constructive collection, to entitle to compensation.

We find this view disposes of the case as it is now before us, and we express no opinion upon any other question discussed by counsel.

*Reversed and remanded.*