A. E. ANDERSON, JR., *v.* AUGUSTUS HAWKS.

TAX-COLLECTOR. *Fees of. Delinquent taxes. Code* 1892, § 2021.

    Section 2021, code 1892, authorizing tax-collectors to receive "ten per centum on all taxes collected after the fifteenth day of December by distress or otherwise," does not provide a penalty on the delinquent tax-payer, but compensation to the tax-collector for services. The words "or otherwise," following the word distress, must be considered as *ejusdem generis.* Hence the collector is not entitled to such compensation, even after December 15, where the taxes are paid or tendered before a resort by him to distress or some of the other statutory modes for enforcing payment of delinquent taxes. *Railroad Co.* v. *Love,* 69 Miss., 109.

FROM the chancery court of Sunflower county.

HON. W. R. TRIGG, Chancellor.

The bill in this case was exhibited in January, 1892, by appellee, Hawks, a citizen of Great Britain, against Anderson, sheriff and tax-collector of Sunflower county, to enjoin him from proceeding, by distress or otherwise, to enforce the payment of the taxes on certain land owned by complainant, and especially to enjoin the collection of the ten per centum commission claimed by said tax-collector because of the alleged failure by complainant to pay the taxes before the fifteenth of December. The injunction was issued, and, on final hearing, was made perpetual, and the tax-collector prosecutes this appeal. The further facts necessary for an understanding of the questions passed on by the court are stated in the opinion.

*J. Holmes Baker* and *C. C. Moody,* for appellant.

Appellee had no right to assume that the tax-collector would accept, as payment of taxes, a deposit in the bank at Jackson. Appellee was in no manner prejudiced because the assessment-roll was not placed in the hands of the tax-collector until November 14.

There was ample time for all persons to ascertain and pay the amount of their taxes before the fifteenth of December. The right of the tax-collector to the ten per centum on all taxes collected after December 15 is clear. The case of *Railroad Co.* v. *Love,* 69 Miss., 109, is not similar to this case. There the tax was paid to others, who had the same right to receive it as the tax-collector had. The same was true in *Wynne* v. *Railroad Co.,* 45 Miss., 569. In this case, no one is authorized to receive the taxes except the tax-collector.

It is evident from the language of § 2021, code 1892, that the tax-collector does not receive this per centum as compensation for services. For every act he does towards levying distress, such as advertising, selling and conveying delinquent land and personal property, he is entitled to compensation as fixed in the fee-bill. It is evident, therefore, that the ten per centum is a penalty to induce tax-payers to pay promptly, and it is given to the tax-collector as a perquisite of his office. Any other construction would necessarily postpone the collection of taxes on land, and collectors would be powerless to enforce payment.

*Nugent & McWillie,* on the same side.

The language of § 2021 of the code is too plain to admit of construction. The money would come into the collector's hands as certainly as collected. The words "or otherwise" are broad enough to cover taxes collected in any manner, and there is no reason, either from the language or policy of the statute, to narrow its application to money collected by compulsory process. Prior to the tax-sale in March, there is no way the officer can collect taxes on land other than by distress, save through voluntary payments, and to such payments alone can the words "or otherwise" attach. The date from which the right to damages begins is fixed, and the damages accrue on all delinquent taxes. While it is true, as held in *Wynne* v. *Railroad Co.,* 45 Miss., 569, that a sheriff is

not entitled to commissions where the defendant pays a judgment to plaintiff, it is there said that the sheriff would be entitled to his commission if the money was received by him under authority of the execution. The assessment-roll in the hands of the tax-collector is as good a warrant for collection as the execution in the hands of the sheriff.

In *Railroad Co.* v. *Love*, 69 Miss., 109, the intimation is that the collector would be entitled to his commission if the taxes had been paid to him.

The ten per centum is as much a penalty upon the delinquent as a compensation to the officer, and is imposed to hasten payment. Cooley on Taxation, 309. It is just that the officer shall have extra compensation in such cases, since he is compelled to keep open his office and keep the tax-books, after the time of payment has elapsed, solely to accommodate delinquents. In analogy with this view, the auditor is allowed, by § 3805 of the code, commission on taxes paid by non-residents.

The words "or otherwise" cannot be construed to refer only to proceedings *ejusdem generis*. There is here no other proceeding the appellant can resort to. Even the remedy by distress is ineffectual, as the appellee has no personal property.

The words "or otherwise" have been variously construed according to the manner of their employment. For cases where these words are not construed as referring to things of the same kind as those enumerated, see 31 Ch. D. (Eng.), 638; 8 *Ib.*, 148; 2 *Ib.*, 251; 4 *Ib.*, 395; 2 *Ib.*, 431; 4 Ex. D. (Eng.), 317; 44 L. R., 19; 21 Q. B. D., 246; Dwarris on Stat., 673; Suth. on Stat. Con., §§ 268–282. To deny any word or phrase its known or natural meaning in any instance, the court ought to be quite sure that it is following the legislative intention. Endlich on Int. Stat., § 34. Under a statute authorizing a corporation to take "by direct purchase or otherwise," it was held that the words "or otherwise" were broad enough to include every mode of acquiring real estate. 23 N. Y., 388. See 2 Atkins (Eng.), 601.

The construction contended for has been the practical construction of the section by officers of the revenue depart-. ment and the public for about twelve years. It would seem that if this were erroneous, it would have brought about a different expression of the legislative intent. Long and general usage may clear away ambiguities and have a potent influence in the interpretation of statutes. *Chrisman* v. *Brookhaven, ante,* p. 477; *Plummer* v. *Plummer,* 37 Miss., 185; Suth. on Stat. Con., §§ 137, 308, 309; Endlich on Int. Stat., §§ 351–368; 5·Cranch, 22; 1 La. Ann., 419; 21 How., 35; 17 Mass., 122; 5 McLean, 9.

The fact that the collector is given separate compensation for each step taken in making the collection, is persuasive that the ten per centum is not compensation for services. His services are otherwise compensated.

*J. L. McCaskill,* for appellee.

1. It is not contended that payment into bank was a technical tender, but it was a substantial compliance with the invariable custom of appellant in receiving taxes. The money was in the bank to the credit of the collector before the fifteenth of December. In equity and fair dealing, appellant ought to be bound by this payment.

2. The ten per centum is not a penalty on the tax-payer, but is compensation to the collector for extra services in collecting by distress or otherwise. To entitle him to this compensation, he must be more than simply a receiver of taxes. It is not usual for the legislature to give penalties entirely to an officer. They are usually divided with the school or other public funds. It would have been easy for the legislature to have provided for damages on all taxes collected or *paid* after December 15, but the statute does not so read. *Railroad Co.* v. *Love,* 69 Miss., 109. I deny that it has been the custom of tax-collectors to collect this per centum. It is an exception where it is done.

The words " or otherwise " must be construed in connec-

tion with the whole section. Following the word distress, they must be construed as referring to proceedings *ejusdem generis.* Anderson's Law Dictionary, 394.

Argued orally by *J. L. McCaskill* for appellee.

COOPER, J., delivered the opinion of the court.

On the undisputed facts disclosed by this record, it would probably be sufficient to say that the appellee should not be required to pay the additional ten per cent. on the amount of his taxes, even though the collector would ordinarily be entitled to demand and receive it. If the tax-roll had been placed in the hands of the collector at the time fixed by law, it is far more than probable that his taxes would have been paid long before the expiration of the period within which they were payable. His agent wrote to the collector early in October, inquiring what amount was due as taxes, but, the roll not then being in the hands of the collector, he was unable to give the desired information. Section 3794, code 1892, directs that a copy of the roll shall be delivered to the collector on the first day of October, but, in this instance, the roll was not delivered until November 14. Only one month and a day was given to the tax-payer in which to pay his taxes, instead of two months and a half, as contemplated by the statute. The appellee resides in England, and his remittance to his agent for the payment of his taxes was received on the fifteenth of December, and all possible effort was made by the agent to pay the taxes that day. He placed the sum in the bank at Jackson in which the collector was accustomed to make his deposits, and procured the bank to send a telegram to the collector, notifying him of that fact. The collector, however, refused to recognize the deposit as payment, and demanded ten per cent. of the amount of the taxes as damages. A month's delay on the part of the officers of the state was counted for nothing, though it probably was the direct cause of the failure of the tax-payer to pay his taxes at

the time fixed by law, and a few hours' delinquency by the tax-payer was seized upon to subject him to an onerous charge.

But the demand of the collector finds no support in law, in any view of the question.

By § 2021, code 1892, the following fees are allowed to the collector of delinquent taxes:

" 1. To tax-collector; payable by the delinquent tax-payer alone:

" (a) Ten per centum on all taxes collected after the fifteenth of December, by distress or otherwise.

" (b) For each distress and sale of personal property to collect taxes, $1.00.

" (c) For each delinquent poll-tax collected, $1.00.

" (d) For each conveyance of land sold to individuals for taxes, $1.00.

" (e) For advertising and selling each separately described subdivision of land sold for taxes, 25 cents.

" (f) And two per centum on amount necessary to redeem."

The argument of counsel is that the ten per centum referred to in paragraph (a) is in the nature of a penalty, imposed by law to incite the tax-payer to promptitude; or, if mistaken in this position, then they insist it is additional compensation provided for the collector, to which he is entitled on all taxes received by him after December 15.

That the ten per centum spoken of in the statute is not inflicted as a penalty, is settled by the case of *Railroad Co.* v. *Love*, 69 Miss., 109. It will be noted that the law does not impose upon the collector the duty of collecting the additional sum, and it is not suggested by counsel for appellant that he may not release or forbear its collection at his pleasure. The true construction of the law is that set forth in *Railroad Co.* v. *Love*. It gives compensation to the officer for services really performed, and when these are not performed, compensation cannot be justly claimed. *Wynne* v. *Railroad Co.*, 45 Miss., 569.

It is no reply to this to say that the same section also gives to the collector specific fees for each service performed by him. This suggestion strengthens rather than impairs the construction of the statute we have heretofore expressed, for if all other fees provided for by the section are clearly as compensation for services, the inference is a strong one that the per centum allowed is of like character.

The language of the law is that the collector shall be entitled to receive from the delinquent tax-payer " ten per centum on all taxes collected after the fifteenth of December, by distress or otherwise." The words, " by distress or otherwise," obviously relate to the taxes on which the per centum is to be calculated, and not to the per centum only. The collector is entitled to ten per centum on such taxes as shall be collected by him after the fifteenth of December, " by distress or otherwise."

Keeping in view the fact that the allowance is made as compensation for services, and that delinquent taxes may be collected ; (1) by distress of personal property (Code 1892, § 3802) ; (2) by sale of land (*Ib.*, §§ 3811–3815) ; (3) by certifying the assessment to other counties in which the delinquent may have property (*Ib.*, § 3822) ; (4) by suit (*Ib.*, § 3747) ; (5) by action on the bond required of transient traders (*Ib.*, § 3871), it is not difficult to discover the meaning of the words *or otherwise*, which, upon familiar rules, are to be construed as applying to matters *ejusdem generis* as the preceding particular words, a contrary intention not appearing.

The collector had performed no duty or services in the collection of the taxes of the appellee, and was not entitled to the per centum claimed.

*The decree is affirmed.*