STATE EX REL. ROBERSON, ATTY. GEN., *v.* COLUMBUS & G. R. CO. ET AL.

[92 South. 233, No. 22674.]

TAXATION. *A suit to sell property for delinquent taxes is a coercive proceeding authorizing* 10 *per cent. damages, one half to the county and the other half to the collector.*

Where taxes properly assessed become delinquent, and suit is brought to collect and to sell the property of the delinquent taxpayer to satisfy such taxes, such suit is a coercive proceeding, and under the terms

of chapter 294, Laws of 1920, the 10 per cent. damages accrue. Under chapter 122, Laws of 1920, the counties are entitled to one-half of ·the 10 per cent. damages and the tax collector to the other one-half, and such damages may be recovered in an action or suit to collect the tax and fix a lien upon the property of the taxpayer, and sell its property to satisfy such tax.

APPEAL from chancery court of Montgomery county.

HON. J. G. McGOWAN, Chancellor.

Suit by the state of Mississippi, on the relation of Frank Roberson, attorney-general, against the Columbus & Greenville Railroad Company and A. T. Stovall, receiver. From a judgment in favor of the defendants, the relator appeals. Reversed in part and affirmed in part.

*Frank Roberson* and *F. H. Lotterhos,* attorney-general, for the state.

By virtue of chapter 294 of the Laws of 1920, the tax collector was given fees for collecting delinquent taxes as follows: "Ten per centum on all taxes collected on personal property when collected by distress and sale or when action has been begun to distrain or sell and ten per centum on all taxes collected on real property when and after such property has been listed for advertisement for sale." Therefore, the damages on state, county and district taxes had to be demanded and collected and paid into the county treasury if the taxes were collected after there had been a distress, or sale or action had been taken to distrain or sell or action had been taken to have a commissioner sell all the property to enforce the payment of all the taxes.

Section 19 of chapter 122 of the Laws of 1920, reads as follows: "Personal property, when delinquent for non-payment of taxes, shall be subject to distress and sale as now provided by law, and the penalties, damages, fees and costs shall only be collected when the property is distrained and sold or when action has been taken to distrain or sell and in case of real property, penalties, damages, fees and costs shall only be collected when and after the

property has been listed for advertisement for sale as now
provided by law for nonpayment of taxes.

Section 19 of chapter 122 of the Laws of 1920, and sec-
tion 3 of chapter 123 of the Laws of 1920, require the sheriff
and tax collector to collect all the fees, commissions and
emoluments which the law provides for him to be paid
by him into the county treasury, allowing him to retain
for himself one-half of the ten per centum damages on de-
linquent privilege, personal and poll taxes, as appears from
section 31 of chapter 122 of the Laws of 1920. So that,
since these enactments of the legislature of 1920, the dam-
ages, when they accrue, no longer belong to the tax collector
but they must be collected by him for the benefit of the
county treasury, with the exception that he may retain one-
half of the damages on the personal taxes. Since the statute
requires him to sell land and certain personal property
belonging to a railroad before selling the real estate and
rolling stock, and requires a sale of rolling stock, before
right of way, it follows that the legislature intended in
cases where a delinquent taxpayer was a railroad com-
pany, that the damages would accrue to the county and
the tax collector, whether the taxes were upon real prop-
erty or personal property.

It is respectfully submitted that any other application
of the law providing damages to the peculiar directions of
the statute directing how taxes shall be enforced as against
a railroad company would be inconsistent with the general
plan of compensating the tax collector in cases where he
found real estate other than road bed, available to sell
first. The distribution of the damages under the Laws of
1920 was subject to conditions very unlike those prevail-
ing prior to 1920. It would have been the duty of the at-
torney-generals to proceed against the tax collector for
the county if the tax collector had enforced the taxes with-
out the damages.

The damages would have been earned if the tax collec-
tors had filed suits to enforce payment upon grounds identi-
cal with the grounds set forth herein. See *Anderson* v.

*Haws,* 70 Miss. 643,. (645). Hence, the damages were earned when the attorney-general on account of the peculiar equities involved, and the great needs arising, to work out the tax from the property available proceeded for all the taxing and the tax collectors.

This court in *Miller* v. *Land Company,* 74 Miss. 110, said: "We cannot concur in the view that additional compensation cannot be demanded by the officer unless the collection is made by an actual sale of the property." It was there held that the damages accrued where the land had been listed.    And in *Adams* v. *Bolivar County,* 75 Miss. 154, this court approved the doctrine announced in *Miller* v. *Land Company,* saying: "The tax collector had entered upon the doing of the act which entitled him to damages, so here the revenue agent had entered upon and had done all he could ordinarily do . . ." "We said in the Miller case: 'There is no point in the proceeding once begun at which it may be said that the right to compensation has attached rather than at another. . . .' Whether the collection is made by virtue of a proceeding initiate or complete it is by the proceeding it is made and the right to compensations exists, because otherwise, whether it will be payable at all, depends upon the will of the delinquent, rather than upon the letter of the law." Cases which on casual consideration, might be thought to be at variance with the doctrine announced here are: *Wynne* v. *Railroad Company,* 45 Miss. 569; *Railroad Company* v. *Love,* 69 Miss. 109, and *Anderson* v. *Hawks,* 70 Miss. 639.

However, on close reading, it soon appears that they are not in point since this proceeding is brought by virtue of the Acts of 1920 providing that the damages shall accrue and be collected when action has been begun to sell.    The cases last named were all decided at a time when the statutory law was quite different.    In addition to this, *Anderson* v. *Hawks,* was a very harsh case, where the assessment was long delayed and the taxpayer lived in England, and had placed the money in a bank for the taxes and the collector had refused the check as not being a satisfactory

payment to him. The taxes were delinquent and action was brought for the sale of the property the money was realized at the end of the litigation and these facts constitute the center and circumference of this controversy.

Wherefore, it would seem that the damages had been earned for the benefit of the counties, municipalities and tax collectors. These statutes should be liberally construed in favor of these rendering the services, because our statutes impose no interest on delinquent taxes; as a consequence of which this delinquent taxpayer enjoyed a long period after other taxpayers in these counties had paid, and throughout this period stood charged with no interest. By means of this proceeding its property was kept together instead of being disrupted by many seizures, and it is respectfully submitted that, having enjoyed these benefits and made no offer to pay until the time arrived within which the chancery court said payment must be made, appellees are estopped in equity to assert the proposition that the damages were not earned.

By section 5983 of Hemingway's Code, it is provided that: "The tax collector shall collect municipal taxes during the time and in the same manner and under the same penalties as the state and county taxes are collected. He shall, where not otherwise provided in all particulars, be governed by the general revenue laws of the state so far as applicable in making the collections . . . and shall receive only such commissions or compensations as may be allowed by ordinance."

The word penalties here shall be taken in the same sense that the word damages is used in the interpretation of those various revenue statutes, for the reason that there are no penalties incident to the tax collection on other than the costs, fees and commissions. There being no other meaning for the word, it is manifest that the legislature intended its use in this sense. Therefore, the damages should be enforced on the municipal taxes herein for the use and benefit of the several municipalities and such of

their tax collectors as have been allowed commissions or compensations by ordinance.

That the decree of the court below denying damages on the taxes should be reversed and this cause remanded for allowance of such damages, or that judgment should be given here by a calculation from the face of the pleadings and decree is evident.

*Gardner, McBee & Gardner, T. C. Catchings* and *Carl Fox,* for appellee.

This suit is now under section 2197 of the Code of 1906, as amended by chapter 294 of the Acts of 1920. Section 2197 in the chapter on "Fees" is a reproduction of section 2021 of the Code of 1892, is a reproduction of section 524 of the Code of 1880. The language of all three of these sections, until amended by the Acts of 1920, is identical. In order to determine the right of complainant to recover on this appeal, we invite a comparison of section 2197 of the Code of 1906 with section 2197 as amended by the Acts of 1920. Section 2197 before being amended was as follows: "1882 (2197). Fees for Collecting Delinquent Taxes.—1. To Tax Collector; Payable by delinquent tax payer alone. (a) Ten per centum on all taxes collected after the fifteenth of December, by distress or otherwise, etc.

Section 2197, as amended: This section, as amended by chapter 294 of the Acts of 1920, reads as follows: "2197, (2021). Fees for collecting delinquent taxes: 1. To the tax collector; to be collected and accounted for as required by law, payable by delinquent tax payer alone. (a) Ten per centum on all taxes collected on personal property when collected by distress and sale, or when action has been begun to distrain or sell and ten per centum on all taxes collected on real property when and after such property has been listed for advertisement for sale.

There is quite a difference, as will be noticed by comparing these two statutes. The first statute or section 2197

provides that the tax collector shall collect ten per cent on all taxes collected after the fifteenth of December by dis tress or otherwise. Our supreme court has construed the word "otherwise" in this connection as meaning, by suit. *Anderson,* v. *Hawkes,* 70 Miss. 645.

This is not a suit by the tax collectors of the counties, nor of the municipalities, but, an independent suit, brought by the attorney-general, of his own volition, in the name of the state of Mississippi, and not at the request of the tax collectors, for their benefit, as we have said.

Section 2197, as amended by chapter 294, of the Acts of 1920, provides that ten per centum damages shall be allowed the sheriff or tax collector only: (1) when collected on personal property "by distress and sale" or "when action has been begun to distrain or sell" and on real property, "after such property has been listed for advertisement for sale."

This statute, by express terms, requires that the tax collector before the ten per centum damages accrue, must either levy upon and sell the personal property, or must have begun by distress to sell personal property, and on real property, such property must be "listed for advertisement for sale."

The various tax collectors could, any time after the fifteenth of December, 1920, have either levied upon personal property, as the sheriff and tax collector of Sunflower county, and the municipal tax collector of town of Indianola, did, or they could, had they seen fit to do so, have advertised for sale the real estate belonging to appellee, on the regular sale day, to-wit, the first Monday of April, 1921, but this they did not do. Nothing was done by these tax collectors, except the two we have mentioned, toward enforcing the payment of this tax, by either distress or personal property or advertisement for sale of real estate. This being true, we are at a loss to understand how the state of Mississippi, on the relation of the attorney-general, can now, unsolicited and uninvited, claim damages for these collectors. So far as the record shows, the various

tax collectors of the counties and municipalities, evidently had some good reason why they did not either distress the personal property, or advertise the real estate for the payment of these taxes, but not having done so, it may be that they did not do this, because they realized the financial condition of appellee.

We submit, that it will be time enough for this court to protect the interests of the tax collectors, when the tax collectors request this to be done, and we wish to add further, that the very section now invoked, under which appellant claims the right to collect damages, provides that these damages shall be paid "to the tax collector, and not to the state of Mississippi.

Fees.

It may be of interest and benefit to take into consideration the definition of the word "Fees." Corpus Juris says that in many instances, as in the case at bar, the word "Fees" is synonymous with the word "Commissions," so, if we substitute in this case, the word "Commissions" for "Fees," there can be no doubt as to what the legislature meant when it says, in the heading of this statute, under which this suit is brought: "fees for collecting delinquent taxes." Substitute the word "Commissions" for "Fees" and we have: "Commissions for collecting delinquent taxes," not for bringing suit. See Acts 1920, page 425.

This proceeding is now under section 2197 as amended by chapter 294 of the Acts of 1920, and, therefore, any right that complainant may have to recover ten per centum damages, will be dependent entirely upon that statute.

Officers are never entitled to fees unless they are given by some statute. *Hendricks* v. *Supervisors,* 49 Miss. 612; *Bourdeaux* v. *Warren County,* 66 Miss. 231.

The first time section 524 of the Code of 1880, brought forward as section 2021 of the Code of 1892, and again brought forward as section 2197 of the Code of 1906, was construed, by this court with reference to fees of tax collectors, was in the case of *Yazoo & Mississippi Valley Railway Company* v. *Love,* 69 Miss. 109.

In that case, the tax collector of Yazoo county brought suit to recover from the Yazoo & Mississippi Valley Railroad Company, ten per centum damages on delinquent levee taxes, alleged to be due because the railroad company refused to settle through that officer, but, settled directly with the levee board. There was a judgment against the railroad, but on appeal to this court, the case was reversed.

The court, in that case, followed the decision of this court in the case of *Wynne, Adm'r.,* v. *M. & T. R. R. Co.,* 45 Miss. 569, in which the court there held that: "Commissions are given as a compensation for services really performed; and when these are not performed, compensation cannot be justly claimed." Justice Woods adds, in this case, after quoting from the decision in the Wynne case: "We know of no such service by an officer as constructive service. There must be an actual collection of taxes, not a constructive collection, to entitle to compensation."

The rule announced in the Love case, was approved and reannounced in the case of *Anderson* v. *Hawkes,* 70 Miss. 639. The decision in *Anderson* v. *Hawkes,* just referred to, was approved by this court in the case of *Miller* v. *Delta Pine & Land Co.,* 74 Miss. 110.

The last case in which our attention has been called, where this court has been called upon to construe section 2197, as amended is the case of *Darnell* v. *Smith,* 115 Miss. 547. In that case, the tax collector advertised the land for sale, but did not sell it, and complainant in that case denied that the tax collector was authorized to recover any fees because of the failure to sell. This court, however, held that the sheriff was entitled to his fees after he had advertised the land, although he made no sale.

Of course, this case has no bearing on the instant case, because there was never any attempt to distrain, or advertise, or sell any of appellee's property, by any of these various tax collectors, except the town marshal of Indianola, and the sheriff of Sunflower county.

As we have seen, the language of the statute excludes, or precludes, the idea that by the mere bringing of this suit,

the state of Mississippi, on relation of the attorney-general, is entitled to recover any ten per centum damages. The statute in express terms provides, that this ten per centum damages shall only be collected on personal property by "distress and sale," or when an action has been begun to distrain or sell personal property and on real estate, "after the property has been listed for advertisement for sale."

In other words, the legislature in this act was particular to enumerate the circumstances and occasions under which, and for which, the various tax collectors would be entitled to recover compensation. We note that counsel for appellant, in his brief, refers to the case of *Adams* v. *Bolivar County,* 75 Miss. 154.

This case, we submit, has absolutely no bearing on the case at bar, for the reason that in the Bolivar county case, the state revenue agent set the machinery in motion, on account of which the tax collector settled, and it was but right and proper that the revenue agent should be allowed his fees as the result of his efforts, which brought about the settlement. In that case, the revenue agent was acting for himself. In this case, the tax collectors have never made any sort of effort to collect these taxes, and, having failed to do this, we certainly contend that the state of Mississippi has no right, on this appeal, to ask for something which the tax collectors themselves never asked, and who are not complaining. We do not understand how complainant can charge or contend that there are any damages due, when, as a matter of fact, none of the tax collectors, excepting the two in Sunflower county ever made any sort of effort to collect the taxes, and these have been paid.

Ethridge, J., delivered the opinion of the court.

The appellant, state of Mississippi, through the attorney-general, filed suit against the appellee for state, county, and municipal taxes due for the year 1920. The assessment of the said railroad company was made by the State Tax

Commission, and objections were made to said assessment so made by the railroad company. A hearing was had before the Tax Commission on such objections, and after such hearing the objections were overruled and the assessment made final.. The taxes were not paid by the said railroad company within the time required by law, and suit was filed by the attorney-general on behalf of the state and several counties and municipalities and taxing districts for the amount of taxes due and damages thereon. After the filing of the suit a receiver was appointed for the railroad company by the federal court. Thereafter an amended bill was filed, setting out the fact of the assessment and the fact that the taxes had not been paid, setting forth the amount due to the state, to the several counties through which the railroad line extended, and the municipalities and taxing districts respectively, and setting forth that it would be necessary, unless suit was filed, for each of the said counties, municipalities, and taxing districts to make separate distraints or bring separate suits, and that there would arise conflicts of priority of liens, and that such seizures or suits would interrupt the general business of the railroad company and the commerce carried on thereon and interefere with the carrying of the United States mail, and would create a multiplicity of suits. The bill prayed for a judgment for the amount of taxes and for a sale of the property of the railroad company as provided in the statute by making a sale of the property as a unit instead of by piece-meal, and also prayed for ten per cent. damages on the amount of taxes due to the state. The answer of the defendant admitted the allegations of the bill, except it denied liability for the ten per cent. damages, claiming that it was not liable to either the state, county, municipality or taxing districts for such damages. The chancellor rendered judgment for the taxes, but denied the right to recover the ten per cent. damages except in the county of Sunflower and the town of Indianola where the actual levy or distraint had been made upon the property of the railroad company by the sheriff for the county and

state taxes and by the marshal for the town taxes, and the attorney-general appealed for the purpose of having this court settle the question as to whether the defendant was liable to the ten per cent. damages by reason of the suit having been brought before the payment of the taxes.

· The question presented for decision is whether a delinquent taxpayer is subject to the ten per cent. damages where the taxes are delinquent and suit has been brought to enforce the payment of the taxes.

Chapter 294, Laws of 1920, to amend section 2197, Code of 1906, the pertinent part of which reads as follows:

"2197 (2021) Fees for collecting delinquent taxes:

"1.   To the tax collector, to be collected and accounted for as required by law, payable by delinquent tax payer alone.

"(a)   Ten per centum on all taxes collected on personal property when collected by distress and sale, or when action has been begun to distrain or sell and ten percentum on all taxes collected on real property when and after such property has been listed for advertisement for sale; provided no penalty shall attach until thirty days after a legal assessment has been approved."

Chapter 122, Laws of 1920, provides for the salaries of county officers.   Section 19 of that chapter as amended by chapter 123, Laws of 1920, reads as follows:

"Sec. 19.   All fees and all commissions and other emoluments which the law now provides may be demanded, received and taken by the sheriff and tax collector, chancery clerk, and circuit clerk, shall be collected by each, respectively, but all said commissions, fees and emoluments shall hereafter be paid by the said officers, respectively, into the county treasury.   Each of these payments shall be paid into the county treasury, and into levee board treasury; those commissions, fees and emoluments collected from levee taxes, by the twentieth (20th) day of each calendar month, and shall be each accompanied by an affidavit of each of said officers averring that he has turned into the proper treasury all fees and commissions and emoluments

which he has actually collected in the preceding calendar month, and which the law now requires him to collect, or that it may be lawful for him to demand, receive, collect and take, and that he has collected all such fees and commissions as were reasonably possible of collection in the preceding month. All fees or compensation to be paid by the state to the county assessor under chapter 193 of the Laws of 1910 or any amendment thereto shall be paid by the state treasurer into the general county fund of the respective counties."

Section 31, chapter 11, Laws of 1920, reads as follows:

"That nothing in this act shall prevent the sheriff and tax collector from receiving in addition to his salary herein provided, fifty per cent. of all damages heretofore given him under law, for the collection of delinquent, privilege, personal and poll taxes, and the remaining fifty per cent. of such damages shall be covered into the county treasury."

It will be seen from these sections that the ten per cent. damages is allowed on all taxes collected on personal property by distress and sale or when action has been begun to distrain or sell as applied to personal property and ten per cent. damages on all taxes collected on real property when and after such property has been listed for advertisement for sale, and that the sheriff and tax collector is allowed one-half of the ten per cent. damages as personal compensation, and that one-half of the damages is to be paid into the county treasury.

The fees for constables and marshals prescribed by section 2184, Code of 1906, as amended by the Laws of 1914, chapter 258, Hemingway's Code, section 1865, (m), which provides that for other services the same fees allowed sheriffs for similar services; there being no specific provision in this section for tax sales, where the marshal is tax collector for a municipality his fees will be the same as the sheriff for collecting taxes, in the absence of statutory provision fixing a different basis.

It will be noted that chapter 294, Laws of 1920, changes the verbiage of the Code, and makes an action for distraint

or sale an express coercive action which will entitle the collector to ten per cent. The bill prayed for and the decree allowed a sale of property for the collection of the tax; the decree providing that if it was not paid within the named time the property should be sold.

In a number of decisions this court has construed section 2197, Code of 1906, and has held that where an officer had performed a service in collecting a delinquent tax entitled him to compensation. In *Miller* v. *Delta & Pine Land Co.,* 74 Miss. 110, 20 So. 875, the court distinguished the case there involved from the case of *Anderson* v. *Hawks,* 70 Miss. 639, 12 So. 697, saying:

"A collection by resorting to any of the plans named in the statute entitles an officer to the per centum, even though the proceeding is interrupted by payment of the taxes. The sum given by the statute cannot be apportioned, and a larger or smaller amount, in proportion to the work done, be awarded as on a *quantum meruit;* the collector is entitled to all or none. There is no point in the proceeding, once begun, at which it may be said that the right to the compensation has attached rather than at another. The compensation is given as a unit; it cannot be apportioned. It is given when the collection is made by distress or other proceeding provided by the law; and the proceeding is necessarily also to be viewed as a unit."

At that time the tax collector received the entire ten per cent. damages, but to be entitled to it he must have taken some proceeding coercive in its nature to entitle him to compensation, but under the statutes above set out it is made the duty of the tax collector to collect all fees and compensation formerly allowed him and turn it into the county treasury, but as to delinquent taxes the tax collector is allowed one-half of the ten per cent., but is to pay the other one-half into the county treasury. The county then becomes entitled to one-half of the ten per cent. damages whenever it is collected by either of the proceedings mentioned in the statute. In our opinion the action in the present case is a suit to distrain or sell property for

129 Miss.—37

taxes. It is true it is something more than that. It is a suit also for the amount of the taxes and a personal judgment against the tax debtor. The delinquent taxpayer could have avoided the penalty by voluntarily paying the tax before the suit was brought, but when the suit was brought the liability for the penalty attached, and it became its duty then to pay it. It is wholly unconcerned with the apportionment between the collector and the county. The suit being for the benefit of all the parties interested, and the sole question being the liability of the defendant for the ten per cent. damages, and the fact being admitted that the tax was not paid until after the coercive suit was brought and that the ten per cent. had not been paid except in the case of Sunflower county and the town of Indianola, it follows in our opinion that the court erred in not allowing the ten per cent. damages as well as the amount of taxes which were allowed by its decree. In the case of *Robertson, State Revenue Agent,* v. *Shelton, Tax Collector* (Miss.), 90 So. 83, decided December 12, 1921, the court recognized that a suit is a coercive method of collecting taxes, and the other authorities of the state dealing with that subject are cited in the opinion in that case.

In our opinion the court below committed error in refusing to allow the ten per cent. damages, and judgment will be entered here for that amount. In other respects the decree of the court below is affirmed.

*Reversed in part, affirmed in part.*